**COURT OF CHANCERY
OF THE
STATE OF DELAWARE**

KIM E. AYVAZIAN
MASTER IN CHANCERY

CHANCERY COURTHOUSE
34 The Circle
GEORGETOWN, DELAWARE 19947
AND
LEONARD L. WILLIAMS JUSTICE CENTER
500 NORTH KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19980-3734

January 24, 2017

E. Chaney Hall, Esquire
Fox Rothschild, LLP
919 N. Market Street, Suite 300
Wilmington, DE 19801

Francis G. X. Pileggi, Esquire
Aimee M. Czachorowski, Esquire
Eckert Seamans Cherin & Mellott, LLC
222 Delaware Avenue, 7th Floor
Wilmington, DE 19801

Mr. George Edward Kennedy
1602 Ridge Road
Catonsville, MD 19801

RE:   *Deutsche Bank National Trust Company, as Trustee for WAMU Mortgage
      Pass-Through Certificates Series 2006-AR3 Trust, Assignee of Washington
      Mutual Bank, F.A. v. Helene Hines, Jeffrey Hines and George Edward
      Kennedy*
      C.A. No. 10361-MA

Dear Counsel and Mr. Kennedy:

Pending before me is a motion to compel discovery responses from *pro se*

Defendant George E. Kennedy that was filed on August 12, 2016, by Plaintiff

Deutsche Bank National Trust Company, as Trustee for WAMU Mortgage Pass-

Through Certificates Series 2006-AR3 Trust, Assignee of Washington Mutual Bank, F.A. ("Deutsche Bank"). For the reasons that follow, I recommend that the Court grant Deutsche Bank's motion to compel.

This litigation has a long history. It began on April 30, 2009 as a mortgage foreclosure complaint filed against Defendants Helene Hines and Jeffrey Hines in Superior Court. In 2005, Helene Hines had borrowed nearly 1.6 million dollars from Washington Mutual Bank, F.A., using a vacation rental property in South Bethany, Delaware as security for the loan. At the time, the rental property was owned by Helene and Jeffrey Hines, but shortly after the mortgage foreclosure action was instituted, title to the rental property passed from the Hineses to Helene, and then in October 2011, Helene conveyed the rental property to a Delaware limited liability company called 302 S. Ocean Drive LLC ("302 LLC"). On November 5, 2012, Kennedy, as the managing member of 302 LLC, unsuccessfully attempted to intervene in the Superior Court foreclosure action. A sheriff's sale took place on April 16, 2013, and Deutsche Bank was the highest bidder, but on May 1st, Kennedy filed a *pro se* motion to set aside the sheriff's sale. When Deutsche Bank realized that it had not given proper notice of the sale to 302 LLC, it requested permission to file a new *levari facias* to schedule a new sale. The Superior Court granted its request, but in November 2014, after having belatedly discovered that the mortgage was not under seal, Deutsche Bank instead

filed a notice of an election to transfer its case to this Court, which was granted by the Superior Court.

Deutsche Bank filed an *in rem* foreclosure complaint in this Court on November 17, 2014, naming Helene, Jeffrey, and Kennedy as defendants.[1] Kennedy filed a *pro se* answer, alleging that: (1) the action violated bankruptcy law; (2) he did not owe any money to Deutsche Bank; and (3) the other defendants had not been properly served. On March 24, 2015, I granted Deutsche Bank's motion for service by publication and posting as to Helene and Jeffrey, and on May 14th, I granted an order for a default judgment against Helene and Jeffrey in the principal amount of $1,718,748.18 plus fees and interest.

Meanwhile, Deutsche Bank had filed a motion for summary judgment against Kennedy, and on May 22nd, Kennedy moved to dismiss the complaint under Court of Chancery Rule 12(b)(6). On September 17, 2015, I issued a final report recommending the denial of both motions after finding that there existed a genuine issue of material fact whether Kennedy, as the successor to the original mortgagor, would be unjustly enriched if the Court were to dismiss Deutsche Bank's *in rem* foreclosure action. On September 29th, following *de novo* review,

---

[1] During the Superior Court proceeding, Kennedy submitted several exhibits with his response to Deutsche Bank's request to file a new *levari facias*, including a deed showing that 302 LLC had conveyed the rental property to Kennedy on May

the Court approved my recommendation as a Final Order of the Court. On June 9, 2016, Kennedy filed a motion for summary judgment, arguing that Deutsche Bank had come to this Court with unclean hands because it had been pursuing illegal foreclosure proceedings for years in Superior Court and, thus, had forfeited its right to equitable relief. In a final report dated December 21, 2016, I recommended that the Court dismiss Kennedy's motion because there had been no impropriety or reprehensible conduct on the part of Deutsche Bank, whose belated recognition of the lack of a seal on the mortgage, while embarrassing to the bank, did not warrant forfeiture of its claim for an equitable lien to be imposed on the property.

While Kennedy's motion for summary judgment was being briefed, Deutsche Bank filed a motion to compel discovery responses from Kennedy on August 12th.[2] By way of background, Deutsche Bank had served its first set of interrogatories, requests for production and requests for admission on Kennedy on March 25, 2016.[3] At the time, Kennedy was represented by counsel, who then requested additional time to respond to Deutsche Bank's discovery requests.

29, 2013. *Deutsche Bank National Trust Co., v. Hines, et al.*, C.A. No. S09L-04-115 THG (Del. Super.) Docket Item ("DI") 34.

[2] While Deutsche Bank's motion to compel discovery and Kennedy's motion for summary judgment were under consideration, Deutsche Bank filed a motion to compel Kennedy to attend his deposition. Since the motion was unopposed, on December 21st, I granted the order compelling Kennedy to attend his deposition.

[3] DI 30.

Deutsche Bank agreed to extend Kennedy's time to respond until May 19, 2016.[4] When this deadline passed, counsel for Deutsche Bank contacted Kennedy's counsel, who requested an additional 30 days to respond. However, on May 27th, Kennedy's counsel filed a motion to withdraw. Shortly thereafter, at the request of Deutsche Bank, I ordered Kennedy to respond to Deutsche Bank's discovery requests before the motion to withdraw would be granted. On June 6th, Kennedy filed notices of service of responses to Deutsche Bank's discovery requests. Thereafter, I allowed Kennedy's counsel to withdraw. On June 23rd, Deutsche Bank contacted Kennedy regarding deficiencies in his responses, and requested supplemental responses within ten days. When Kennedy failed to reply or supplement his responses, Deutsche Bank filed the instant motion to compel.

Deutsche Bank argues that it agreed to an extension until May 19th for Kennedy to respond to the discovery requests, but the responses were not filed until June 4th, which was after the deadline had passed. As a result, Deutsche Bank argues that Kennedy has waived his objections and admitted all requests for admission because his responses were not timely served. While it is correct to say that Kennedy's responses were not filed by May 19th, nevertheless, Kennedy acted promptly in filing his discovery responses after my letter to Kennedy's counsel requiring those responses as a condition of counsel's withdrawal. Given those

---

[4] DI 32.

circumstances, I do not recommend that the Court deem Kennedy to have admitted all requests for admission.

However, after reviewing Kennedy's responses to the discovery requests and his answering brief in opposition to the motion to compel, it is clear that Kennedy's responses to interrogatories and for production were, in large part, non-responsive. Instead of providing detailed answers, Kennedy instead wrote: "[t]his information is so well documented it is redundant and superfluous to repeat here what is already a matter of record[,]" and then listed several state, bankruptcy, and federal district court cases in which Kennedy was a party or "a creditor."[5]

Kennedy's arguments against the motion to compel are completely without merit and, like his non-responsive responses, reflect an intent to delay the progress of this litigation. For example, Kennedy argues for the first time that the motion to compel should be denied because the requests for discovery are not relevant until this Court determines whether Deutsche Bank has jurisdiction in this Court to demand such discovery. While issues of subject matter jurisdiction may be raised

---

[5] Kennedy referred to the following cases throughout his responses:
Chancery Court of Sussex County Case No. C.A. No. 10361-MA; Superior Court of Sussex County Case No. S 09L-04-115 THG; United States District Court for the District of Maryland Case 1:13-cv-01671-JFM; Baltimore Maryland Bankruptcy Case No. 13-13206; Baltimore Maryland Bankruptcy Case No. Case No. 14-28058; Baltimore Maryland Bankruptcy Case No. Case No. 15-24954.

at any time,[6] Deutsche Bank is seeking foreclosure of a mortgage without a seal in this Court. Until recently,[7] only a court of equity had jurisdiction to impose an equitable lien on real property where the mortgage encumbering the property lacked a seal.[8] Kennedy is well aware of the Court's equitable jurisdiction since he raised the defense of unclean hands shortly after Deutsche Bank filed its complaint in this Court.

Equally frivolous is Kennedy's objection to entering into a standard confidentiality agreement to protect any of his private personal information being requested by Deutsche Bank. He contends that Deutsche Bank cannot be trusted to abide by the standard confidentiality stipulation because it misused confidential information obtained during an unsuccessful mediation session. According to Kennedy, information from that session is "now embodied into Plaintiff's discovery, and that is prohibited by the confidential nature of mediation."[9] Kennedy appears to be referring to Delaware Rule of Evidence 408, which protects evidence of compromises or offers to compromise from being used "to prove liability for or invalidity of the claim or its amount."[10] However, Rule 408 does

---

[6] Court of Chancery Rule 12(h)(3).
[7] As of June 28, 2016, foreclosure actions on mortgages lacking a seal now may be filed in Superior Court. *See* 25 *Del. C.* § 2101(b).
[8] *See Monroe Park v. Metropolitan Life Ins. Co.*, 457 A.2d 734 (Del. 1983).
[9] Defendant's Answering Brief to Plaintiff's Motion to Compel Discovery Responses, at 7.
[10] D.R.E. 408.

not apply to "evidence otherwise discoverable merely because is it presented in the course of compromise discussions."[11] If Deutsche Bank used information obtained during the course of their unsuccessful mediation session with Kennedy to craft its discovery requests, Deutsche Bank did not violate Rule 408, and there is no basis for Kennedy to argue that Deutsche Bank cannot be trusted to abide by a confidentiality stipulation.

Accordingly, I recommend that the Court grant the motion to compel discovery and award Deutsche Bank its reasonable fees incurred in pursuing this motion. Once this report becomes final, Kennedy shall: (1) fully and properly produce or identify responsive documents that are "a matter of public record" and fully and properly produce responsive documents and information that are not part of the public record but are within his possession, custody, or control, i.e., Requests for Production 1-5, 7-12, 14-29, and 31-33; and (2) fully and properly respond to Interrogatories 1, 4, 6-8, 10(e)-(g), 11-13, 15, 19, and 24-31. Once this report becomes final, Kennedy shall begin immediately a rolling production of documents, to be completed within 30 days. Kennedy's failure to comply with this schedule may result in further sanctions, including further fee shifting and entry of a default judgment against Kennedy.

---

[11] *Id.*

I am waiving a draft report and issuing this as a final report. The parties are referred to Court of Chancery Rule 144 for the process of taking exception to a Master's Final Report.

Respectfully,

/s/ Kim E. Ayvazian
Kim E. Ayvazian
Master in Chancery

KEA/kekz